

# The Attorney General of Texas

December 19, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Marlin W. Johnston
Commissioner
Texas Department of Human Resources
P. O. Box 2960
Austin, Texas    78769

Opinion No. JM-98

Re:   Scope of the exemption
provided by section 42.041(b)
(7), Human Resources Code

Dear Mr. Johnston:

You have asked whether public schools which provide essentially custodial day care <u>after</u> regular school hours, are exempt from the licensure requirements of the Human Resources Code. Section 42.041 thereof prohibits operation of a child-care facility without a license, subject to certain exceptions. Section 42.041(b)(7) states that the section

> does not apply to . . . an educational facility accredited by the Central Education Agency . . . that operates <u>primarily</u> for educational purposes in grades kindergarten and above. (Emphasis added).

The plain language of this exception requires an affirmative answer to your question, because the exemption is directed explicitly at the educational facility and is not limited to particular activities conducted by that facility. See V.T.C.S. art. 5429b-2, §2.01.

However, even were the clause "that operates primarily for educational purposes . . ." not merely descriptive, but rather necessary to determine the scope of the exception in subdivision (7), it is clear that public schools which offer after school custodial care are exempted from the licensing requirement of section 42.041(a). There can really be no doubt that the primary purpose for which public schools are operated is the education of the children attending them. The time, resources, and personnel devoted to strictly educational activities constitute the overwhelming proportion of those expended by public schools. The after school custodial care is an accommodation provided by a few schools for some parents and unquestionably consumes only a small fraction of the time, resources, and personnel of the public schools. Moreover, the restrictions in subsection 8, 9 and 11 on the hours of "custodial care" that an educational facility can provide and still maintain the exemption

indicate that such a restriction was not intended for educational facilities covered by subsection 7. Accordingly, public schools which provide custodial day care after school hours are exempt from licensing by the Department of Human Resources. They are of course subject to regulation by the Texas Education Agency.

### S U M M A R Y

Section 42.041(b)(7) exempts public schools which operate part-day child care programs after the close of the customary school day from licensure required by section 42.041(a).

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Colin Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Fernando Gomez
Jim Moellinger
Nancy Sutton
Bruce Youngblood